**Juan VELASQUEZ, Petitioner–
Appellant,**

v.

**Warden FAULK, L.C.F.; Attorney
General of the State of Colorado,
Respondents–Appellees.**

No. 14–1087.

United States Court of Appeals,
Tenth Circuit.

Feb. 25, 2015.

Juan Velasquez, Limon, CO, for Petitioner–Appellant.

Paul Koehler, Office of the Attorney General for the State of Colorado, Denver, CO, for Respondents–Appellees.

Before GORSUCH, MURPHY, and McHUGH, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY

MICHAEL R. MURPHY, Circuit Judge.

This matter is before the court on Juan Velasquez's pro se requests for a certificate of appealability ("COA") and for permission to proceed on appeal *in forma pauperis*. Velasquez seeks a COA so he can appeal the district court's denial of his 28 U.S.C. § 2254 petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order denying a § 2254 petition unless the petitioner first obtains a COA). Because Velasquez has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal. We do, however, **grant** his motion for leave to proceed on appeal in forma pauperis.

Following a jury trial in Colorado state court, Velasquez was convicted of attempted first degree murder and first degree assault. The trial court concluded Velasquez was a habitual criminal and sentenced him to concurrent ninety-six-year terms of imprisonment. After exhausting his state court remedies without obtaining any relief, Velasquez filed the instant § 2254 habeas petition raising eight claims.[1] In two exceedingly comprehensive orders, the district court concluded the claims set out in Velasquez's habeas petition were either procedurally barred or without merit.

The granting of a COA is a jurisdictional prerequisite to Velasquez's appeal from the denial of his § 2254 petition. *Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). To be entitled to a COA, Velasquez must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El*, 537 U.S. at 336, 123 S.Ct. 1029 (quotations omitted). When a district court dismisses a § 2254 claim on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484–85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). In evaluat-

---

1. Velasquez's claim 7, a claim of ineffective assistance of trial counsel, set out five sub- claims.

ing whether Velasquez has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller–El,* 537 U.S. at 338, 123 S.Ct. 1029. Although Velasquez need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted)

Having undertaken a review of Velasquez's appellate filings, the district court's orders, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller–El,* we conclude Velasquez is not entitled to a COA. In so ruling, this court has nothing to add to the district court's thorough analysis, as set out in its orders dated February 1, 2013, and February 5, 2014. Accordingly, this court **DENIES** Velasquez's request for a COA and **DISMISSES** this appeal.